ROBERT ST. JOHN ET AL. *v.* COMMISSIONER OF
TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued November 16, 1976—decision released January 11, 1977

*Arnold K. Shimelman,* assistant attorney general,
with whom, on the brief, was *Carl R. Ajello,* attor-
ney general, for the appellant (defendant).

*Jules Lang,* for the appellees (plaintiffs).

HOUSE, C. J. This is an appeal from a judgment
rendered by a committee of three state referees on
an appeal taken by the plaintiffs, pursuant to the
provisions of §§ 13a-76 and 13a-76a of the General
Statutes, from the assessment of damages by the
defendant commissioner of transportation for the
taking for highway purposes of certain land owned
by the plaintiffs in the town of Norwalk. The

defendant has made four assignments of error which together essentially raise but one issue: Did the committee of state referees err in rendering judgment awarding the plaintiffs interest for the period December 7, 1971, to June 15, 1972, when the committee had previously determined that the "true taking date" used in calculating the compensation awarded to the plaintiffs was June 15, 1972?

Before discussing the merits of the appeal, it is important to note the manner in which it has been presented to us. The defendant's assignments of error are all predicated on claims of error apparent on the face of the record. "If error appears on the face of the record no finding is necessary"; Practice Book § 612B; and it appears that neither party requested[1] a finding for appeal and the committee made none. Notwithstanding the absence of a finding, the plaintiffs printed in the appendix to their brief several excerpts from a certified transcript of proceedings before the committee. Presumably this was done pursuant to the provisions of § 628H (d) of the Practice Book. In addition, the plaintiffs included in the appendix to their brief copies of letters exchanged by counsel. The defendant moved pursuant to the provisions of § 692 of the Practice Book that the entire appendix to the plaintiffs' brief be stricken. This motion was heard immediately before the argument on the appeal and was denied. Notwithstanding this ruling, it now appearing that the merits of this appeal must be determined solely on the record, we

---

[1] "Even where there is no occasion to find the facts, the claims made at the hearing or the conclusions of the court may be material upon the appeal, and in such a situation a party can request the court to find and it may properly find such claims and conclusions." Maltbie, Conn. App. Proc. § 126, p. 156; *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1.

do not consider the contents of the appendix to the plaintiffs' brief. Not only does it appear that none of the letters printed in the appendix was admitted as an exhibit for the consideration of the committee but "[t]he transcript of testimony cannot take the place of a finding because we are without power to find facts." *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 228, 278 A.2d 771; Maltbie, Conn. App. Proc. § 126.

In the absence of a finding for appeal what is properly before us as a record are the pleadings, the motions made at the trial and the judgments. *City Savings Bank* v. *Lawler,* 163 Conn. 149, 152, 302 A.2d 252; *Gitlitz* v. *Davis,* 146 Conn. 280, 310, 150 A.2d 213. The only question before us, then, is whether, as the defendant claims, error appears on the face of the record. Maltbie, loc. cit.

The record discloses the plaintiffs' appeal in five counts alleging that on December 7, 1971, the defendant filed with the clerk of the Superior Court in Fairfield County an assessment of $716,000 damages for the taking of property for highway purposes and that the plaintiffs were aggrieved by that assessment as it was inadequate. The fifth count contained an allegation that "the purported condemnation by the Defendant of the Plaintiffs' property previously referred to was ineffective for the reason that said purported taking failed to take into consideration that said property was in condominium ownership form." By way of relief, the plaintiffs requested the appointment of a referee to reassess the damages, $5,000,000 damages, and "[a]n order declaring that the original taking of December 7, 1971 was improper and invalid and . . . [requiring] the Defendant to withdraw said

taking and compensate the Plaintiffs for damages." Subsequently, the plaintiffs filed in the Superior Court a motion entitled "Motion for Determination of True Taking Date" in which they recited the filing on December 7, 1971, of the original notice of condemnation and certificate of taking and the filing on June 9, 1972, of an amended notice. Their motion further recited: "It is the claim of the plaintiffs that the taking was not effective, at least until the date of the Amendment, and accordingly . . . [the plaintiffs move] the Court to either determine that the actual date of taking was other than December 7, 1971, or in the alternative to refer said question to a panel of three referees to be determined at the time of the trial of said appeal." The court granted the motion and subsequently amended its order to direct that "[t]he 'taking' is to be determined by the referee or three referees before trial." The plaintiffs amended their appeal to one seeking a reassessment of the damages for the taking and for damages caused by the delay in effectuating the taking. As amended, the appeal recited the December 7, 1971, filing "purportedly pursuant to the . . . [s]tatutes" and the filing on June 15, 1972, of an amended notice of condemnation. The court, on September 11, 1973, ordered the appointment of three referees pursuant to § 52-434a (b) of the General Statutes to reassess the damages for the taking and further ordered "that within ninety (90) days after the finding of a true taking date by said three (3) State Referees" the parties should exchange copies of all appraisal reports.

On July 30, 1974, the committee of three referees filed the following "Memorandum on Determination of Taking Date": "The taking date in the above-entitled matter is determined to be June 15, 1972,

the date of the filing of the Amended Certificate of Condemnation with the Clerk of the Superior Court for Fairfield County."

On September 25, 1975, the committee rendered its judgment finding that there was $1,046,500 due to the plaintiffs as damages for the taking, that $716,000 had been deposited by the defendant and that, accordingly, the defendant should pay to the plaintiffs "the sum of $330,500, interest to the date of payment, and costs."

On October 28, 1975, the plaintiffs filed with the committee a motion entitled "Motion for Determination re Interest Computation" in which they asked the committee to "determine that said interest runs from December 7, 1971 to the date of payment."

On January 13, 1976, the committee rendered judgment reciting its prior determination that the "true taking date" was June 15, 1972, and its judgment that the defendant pay to the plaintiffs $330,500 with "interest to the date of payment," and further reciting that the parties had stipulated that that judgment be "reopened for the limited purpose of determining: a. Whether the plaintiffs are entitled to interest from December 7, 1971 (the date of the filing of the certificate of taking and assessment of damages) to June 15, 1972 (the date determined to be the true taking date); and b. The amount of such interest." The judgment then recites several specific findings. The first is that "[o]n December 7, 1971, the Commissioner of Transportation took and acquired the subject property, and entered upon, took possession, and exercised dominion and all rights of ownership over the property." The second is that "[t]hereafter it was determined

that the true taking date for the purpose of the ascertainment of damages was June 15, 1972, and damages were assessed to the plaintiffs as of that date in the amount of $1,046,500.00." The third is that "[t]he plaintiffs are entitled to interest from December 7, 1971 to June 15, 1972, upon the difference between the sum of $716,000.00, deposited by the Commissioner, and the sum found by the State Referees to be the damages computed as of December 7, 1971." This interest was computed to be $8,688.21. It is the order for the payment of this $8,688.21 which the defendant contests and has assigned as error.

"The damages sustained in a taking by eminent domain are to be measured as of the date of the taking. *Colaluca* v. *Ives,* 150 Conn. 521, 531, 191 A.2d 340; *DelVecchio* v. *New Haven Redevelopment Agency,* 147 Conn. 362, 365, 161 A.2d 190." *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 139, 204 A.2d 833. The record does not disclose why the plaintiffs contended that the taking date was June 15, 1972, when the amended certificate of condemnation was filed, rather than December 7, 1971, when the original certificate was filed. A suggestion is contained in the plaintiffs' prayer for relief on their original appeal in which they sought an order "that the original taking of December 7, 1971 was improper and invalid." In any event, it was the plaintiffs who sought a judicial determination as to what was the actual date of taking, stating in their motion: "It is the claim of the plaintiffs that the taking was not effective, at least until the date of the Amendment." It was as a result of their motion that the committee expressly concluded that "[t]he taking date in the above-entitled matter is deter-

mined to be June 15, 1972, the date of the filing of the Amended Certificate of Condemnation with the Clerk of the Superior Court for Fairfield County."

There is merit to the following contention briefed by the defendant: "What transpired prior to June 15, 1972 is not at issue in the present appeal taken pursuant to Sec. 13a-76 of the General Statutes, as amended. An independent proceeding or claim against the State could have been brought to determine what rights were created or extinguished by the action of the Commissioner prior to June 15, 1972. Sec. 13a-76 of the General Statutes sets forth the limited scope of the instant appeal, namely, the reassessment of damages resulting from the taking, which the Court determined took place on June 15, 1972. '. . . a condemnation proceeding is limited under § 13a-76 of the General Statutes to a reassessment of damages *caused by the taking. . . .*' *Plunske* v. *Wood,* 171 Conn. 280, 370 A.2d 920 (emphasis added)."

On the record before us, it must be concluded that, as claimed by the defendant, the committee erred in awarding the plaintiffs interest for the period from December 7, 1971, to June 15, 1972, when the date of taking was expressly determined by the committee to be June 15, 1972, as stated in the judgment.

There is error with respect to the award of interest for the period December 7, 1971, to and through June 15, 1972, and the case is remanded with direction to recompute the interest and award it on the damages from the date of the taking on June 15, 1972, to the date of payment.

In this opinion the other judges concurred.