JOHN RUSSO, TRUSTEE, ET AL. *v.* TOWN OF
EAST HARTFORD ET AL.
(3030)

DUPONT, C.P.J., HULL and SPALLONE, JS.

Argued March 5—decision released June 18, 1985

*Marc C. Yellin,* for the appellants (plaintiffs).

*James A. Kane, Jr.,* for the appellee (named
defendant).

*Richard F. Webb,* assistant attorney general, with
whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert A. Whitehead,* assistant attorney general, for the appellee (defendant Stanley J. Pac).

SPALLONE, J. This is an appeal from a judgment for
the defendants[1] in an action claiming an unconstitutional taking of private property by inverse condemnation.

---

[1] The defendants are the town of East Hartford and Stanley J. Pac, commissioner of environmental protection.

The property in question has been the subject of previous litigation. The 9.489 acre parcel, which the plaintiffs purchased for use as a landfill in 1966, was condemned by the defendant town of East Hartford on March 25, 1975. The town filed a statement of compensation from which the plaintiffs appealed to the Superior Court. The trial court, in that action, reassessed the town's statement of damages and found that the fair market value of the property on the date of the taking was $47,500. The plaintiffs appealed from that judgment to the Connecticut Supreme Court, which upheld the trial court's finding. *Russo* v. *East Hartford,* 179 Conn. 250, 425 A.2d 1282 (1979), cert. denied, 445 U.S. 940, 100 S. Ct. 1334, 63 L. Ed. 2d 773 (1980) *(Russo I).*

We shall not repeat the facts set forth in *Russo I* except to note the following. The condemnation which led to the statement of compensation of which the plaintiffs complained was preceded by the enactment, in July, 1972, of the Inland Wetlands and Water Courses Act; General Statutes §§ 22a-36 through 22a-45; which classified the plaintiffs' land as an inland wetland, and by the defendant town's passage, also in 1972, of two amendments to its zoning regulations. One of the amendments prohibited a landowner from engaging in filling operations without a permit and the other rezoned the area in which the land was located to that of a flood plain in which excavation or filling was prohibited without prior approval of a site plan by the planning and zoning commission.

The plaintiffs mounted no challenge to these restrictions under the procedures established to contest them. "The plaintiffs did not request a permit to fill under the Inland Wetlands and Water Courses Act, nor did they appeal the classification of their property as an inland wetland to the Superior Court, a right provided by the act. The plaintiffs did not file an application with

the department of environmental protection for permission to disturb the volume of earth within the channel encroachment boundaries [established under the Inland Wetlands and Water Courses Act], and never protested the establishment of the channel encroachment lines, even when the land was condemned in March 1975. The plaintiffs did not file an application with the town planning and zoning commission for a permit to fill as required by the 1972 zoning amendments. They did not pursue their administrative remedies by objecting to the amendments or exercise their statutory right of appeal. General Statutes §§ 8-6, 8-8 and 8-9." *Russo I,* supra, 252–53.

In the present action, the plaintiffs do not contest the validity of the state and local restrictions, but rather claim that the regulations so affected the value of their land from the date they were instituted until the date of condemnation as to amount to an unconstitutional taking. The trial court disagreed and rendered judgment for the defendants. We find no error.

What the plaintiffs seek in this case is what they already sought, unsuccessfully, in *Russo I.* In that case, they claimed that the trial court's assessment of the value of the condemned property at $47,500 was too low and thus not just compensation. Here, they claim that the restrictions on their property so reduced its value, prior to the date of condemnation, as to render the valuation of $47,500 an unconstitutional taking. It is their position that the condemnation in March, 1975, was illegal because the award they received under the eminent domain proceeding was not "just compensation."

It is fundamental that the state government or any properly designated agency thereof may take private property under its power of eminent domain, if the taking is for a public use and if just compensation is paid

therefor. Conn. Const., art. I, § 11; *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 141, 104 A.2d 365 (1954). The single objective of an eminent domain proceeding "is to ensure that the property owner shall receive, and that the state shall only be required to pay, the just compensation which the fundamental law promises the owner for the property which the state has seen fit to take for public use." *Thomaston* v. *Ives,* 156 Conn. 166, 174, 239 A.2d 515 (1968).

The right to just compensation is ancient, and our courts are clearly empowered to provide a remedy for a taking without just compensation. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 529, 294 A.2d 633 (1972). Where our statutes provide an efficacious means for assuring just compensation, that procedure will be followed. Id. Only when the statutory procedure is inadequate to achieve this goal does a property owner have recourse to common law remedies. Id. The statutory procedure under which the plaintiffs proceeded in *Russo I*; General Statutes §§ 8-129 to 8-133; provides an efficient procedure for vindicating the common law right to compensation for a taking of property by eminent domain. Id., 530. We see no justification under the facts of this case for the institution of an independent action[2] which seeks, in essence, only to relitigate the issues in *Russo I.*

[2] We recognize the limited scope of an appeal from a statement of compensation in an eminent domain proceeding; *St. John* v. *Commissioner of Transportation,* 172 Conn. 234, 239–40, 374 A.2d 190 (1977); and that there are circumstances which may warrant an independent action to determine questions which cannot be reached in such a proceeding. An independent action is justified, for example, where the negligence of a contractor which is a necessary, natural and proximate result of the taking has caused damage to remaining property; *Plunske* v. *Wood,* 171 Conn. 280, 284, 370 A.2d 920 (1976); or where there is a dispute over the payment of interest on funds deposited with the condemnor prior to the date of the actual taking. *St. John* v. *Commissioner of Transportation,* supra. Such circumstances are not present in this case.

We uphold the decision of the trial court in rendering judgment for the defendants. Although the trial court's decision rested upon different grounds, the result reached was correct for the reasons stated in this opinion. We, therefore, affirm the judgment rendered. *Cheshire* v. *McKenney,* 182 Conn. 253, 261, 438 A.2d 88 (1980).

There is no error.

In this opinion the other judges concurred.