## STATE OF CONNECTICUT *v.* WILLIAM EVANS (3628)

DUPONT, C. J., HULL and BIELUCH, Js.

Argued October 9—decision released December 23, 1986

*William Evans,* pro se, the appellant (defendant).

*Timothy J. Liston,* assistant state's attorney, for the appellee (state).

HULL, J. The defendant appeals from the judgment of conviction of larceny in the second degree in violation of General Statutes § 53a-123, stealing a firearm in violation of General Statutes § 53a-212, and burglary in the second degree in violation of General Statutes

§ 53a-102, all of which were entered upon his pleas of guilty in accordance with plea agreements. He raises the following claims on appeal: (1) that his guilty pleas with respect to the larceny and firearm charges were involuntary; and (2) that the court improperly assumed venue over certain charges.

A house was burglarized in Old Lyme in early March, 1979. A witness saw the defendant on the burglarized premises on the date of the burglary and reported this to the state police. Meanwhile, the Old Saybrook police obtained information that the defendant had sold weapons to two individuals. The weapons were identified as stolen from the burglarized Old Lyme residence. On the basis of this information, the state police obtained a warrant, stopped and searched the defendant's automobile and found in his possession most of the remaining items of personal property reported missing after the burglary.

The defendant was charged in both the Middlesex and New London judicial districts, as the property was stolen in the New London judicial district and recovered in the Middlesex judicial district. In the Middlesex district, he was charged on a substitute information with larceny in the second degree in violation of General Statutes § 53a-123, and stealing a firearm in violation of General Statutes § 53a-212. He pleaded guilty to those charges in the Middlesex court on July 25, 1979.

At the time of his guilty plea, the court questioned the defendant to determine, inter alia, whether he had fully discussed the matter with his attorney, whether he was satisfied with his attorney's advice and assistance, and whether he knew the maximum penalties for the crimes with which he had been charged. The court was satisfied that there were no threats or promises made other than those promises contained in the plea

bargain agreement itself, and that the defendant was making his plea voluntarily and knowingly.

The special public defender who had been assigned to represent the defendant advised the court that the defendant faced a burglary charge and possible parole violation in New London. The court advised the defendant that it had no control over those proceedings. The defendant stated that he understood this limitation. The court thereafter accepted the defendant's guilty plea. The plea bargain—that on each count there would be a sentence of two and one-half to five years to be served consecutively, for a total effective sentence of five to ten years—was put on record.

In the New London judicial district, the defendant was charged with burglary in the second degree in violation of General Statutes § 53a-102, and larceny in the first degree in violation of General Statutes § 53a-122. He pleaded guilty to the burglary charge under the doctrine of *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), on August 2, 1979. The larceny charge was nolled and the New London case was transferred to the Middlesex court for a consolidated sentencing.

The New London plea canvass was found deficient in *State* v. *Evans,* 5 Conn. App. 113, 497 A.2d 73 (1985). In finding error, this court ordered that the judgment be set aside and the case remanded with direction to permit the defendant to withdraw his guilty plea and proceed in accordance with the law. The record is devoid of any reference to further proceedings on the burglary charge in the New London judicial district. We will consider the defendant's claims, however, because he alleges that his guilty pleas in the Middlesex judicial district were made involuntarily.

The defendant appeared in the Middlesex court on September 13, 1979, for sentencing. In addition to the

five to ten year sentence that had been agreed upon on the Middlesex charges, he was sentenced to five to ten years for burglary in the second degree for the New London charge. That sentence was to run concurrently with the sentence for larceny and stealing a firearm, for a total effective sentence of five to ten years.

## I

The defendant's first claim is that his guilty pleas in the Middlesex court were induced by a promise of a bargained disposition contained in a letter dated July 23, 1979, from the special public defender to the defendant. He claimed that this letter concerned plea bargaining on the burglary charge in the New London judicial district, that the Middlesex court was not made aware of this plea bargain, and that the plea bargain was not fulfilled regarding his sentence on the burglary charge. He asserts that as a result of this, his Middlesex pleas were not made voluntarily.

As a preliminary matter, we note that the defendant did not make a motion to withdraw his guilty plea pursuant to Practice Book §§ 719 through 722. Nor did he otherwise preserve this claim at trial. The involuntary nature of the plea is raised for the first time on appeal under the "exceptional circumstances" rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

The defendant's claim of error refers to and depends upon the contents of the letter from the special public defender and the defendant's belief as to the meaning and effect of that letter. No claim referring to the letter was raised in the trial court, however. The letter is not referred to in the transcripts filed by the defendant, nor was it made an exhibit in the trial court. The defendant has attempted to make it part of the appellate record by including it in the appendix to his brief. After the defendant filed his appellate brief, the state

filed a motion to expunge the defendant's appendix. This court denied that motion without prejudice.

It is "a necessary application of appellate procedure that claims made in briefs must be supported by the record. *Furber* v. *Administrator,* 164 Conn. 446, 451, 324 A.2d 254 (1973)." *State* v. *McCarthy,* 179 Conn. 1, 7, 425 A.2d 924 (1979). It is the appellant's responsibility to secure an adequate record for appeal. *State* v. *Fraenza,* 9 Conn. App. 228, 233, 518 A.2d 649 (1986). That record must be made in the trial court. *State* v. *Hawkins,* 162 Conn. 514, 516, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249 (1972).

In *St. John* v. *Commissioner of Transportation,* 172 Conn. 234, 374 A.2d 190 (1977), the plaintiffs included in the appendix to their brief letters exchanged by counsel. As in the present case, the Supreme Court denied a motion to expunge the appendix. In deciding the merits of the case, however, the court would not consider the contents of the appendix. It stated that "[as] the merits of this appeal must be determined solely on the record, we do not consider the contents of the appendix to the plaintiffs' brief." Id., 235–36.

This court recently considered a similar situation in *State* v. *Kuritz,* 3 Conn. App. 459, 489 A.2d 1053 (1985). In *Kuritz,* the state attempted to introduce evidence, for the first time on appeal, of the defendant's release date from prison by including in its appendix an affidavit from the records supervisor of the Connecticut correctional institution. This court denied a motion to expunge the affidavit. On reconsideration, however, the court stated "this method of presenting evidence of the defendant's release date was improper. Such a prison record is not a court record; *Doe* v. *Manson,* 183 Conn. 183, 188, 438 A.2d 859 (1981); nor is the date of such release otherwise within the ambit of judicial notice.

That evidence was not, but could and should have been, presented to the court during the trial." *State* v. *Kuritz,* supra, 460 n.4.

In deciding a case, this court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings, or to documents or exhibits which are not part of the record. *State* v. *DeJesus,* 7 Conn. App. 309, 317, 508 A.2d 463 (1986). As the defendant's present claim is predicated entirely on a document extraneous to the record, we cannot consider it.

## II

The defendant next contends that the court in the Middlesex judicial district improperly assumed venue over the larceny charge because the same charge was pending in the New London judicial district. This claim, however, was not raised in the trial court. Nor was any objection made during the plea or sentencing proceedings.

Recognizing his failure to raise the venue claim in the trial court, the defendant relies upon the exceptional circumstance exception in *State* v. *Evans,* supra, to secure review of this claim. This court may review a claim that was not raised in the trial court "where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." Id., 70.

In *State* v. *Orsini,* 187 Conn. 264, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982), our Supreme Court refused to review an improper venue claim raised for the first time on appeal. The court found that the claim involved no fundamental constitutional right despite the defendant's efforts to invoke constitutional claims. "Venue require-

ments are created for the convenience of the litigants and may be waived by failure to assert the statutory privilege in timely fashion. 77 Am. Jur. 2d, Venue § 45. Subject matter jurisdiction, which cannot be conferred upon the court by the parties, must be distinguished from venue. Ibid.; *Fine* v. *Wencke,* 117 Conn. 683, 684, 169 A. 58 (1933); *Mower* v. *State Department of Health,* 108 Conn. 74, 77, 142 A. 473 (1928)." *State* v. *Orsini,* supra, 269–70. The court went on to state that "we are not convinced that this privilege, which is wholly statutory in origin, is so fundamental that it may not be waived without the full panoply of safeguards applicable to a plea of guilty or an election of a trial without a jury." *State* v. *Orsini,* supra, 271.

As venue is a statutory right and not a fundamental right so as to qualify for review under *State* v. *Evans,* supra, we will not review the defendant's claim.

There is no error.

In this opinion the other judges concurred.