[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The plaintiff commenced this action in February 1992, alleging in a three count complaint the torts of trespass nuisance and an unlawful taking in connection with a tract of land owned by him located on Niederwerfer Road in the Town of South Windsor. The plaintiff's claim for relief includes a temporary and permanent injunction, and an order for the removal of water, and damages. In his complaint, the plaintiff alleges the following.
From February 25, 1960 to September 30, 1988, pursuant to a license agreement between it and the owner of the subject property, the Town of South Windsor (the "Town") lawfully discharged storm water over the subject property. On August 8, 1988, the owner revoked the license, with an effective revocation date of September 30, 1988. Despite this revocation, the Town unlawfully continued to discharge water over the subject property. As a result, the plaintiff suffered damages from a diminution of the property's value, which he claims is unsalable and uninhabitable. On May 15, 1992, the Town filed an answer, special defenses and counterclaims. CT Page 1734
On August 11, 1993, pursuant to General Statutes § 8-129, the Town filed with the clerk of this court a statement of compensation for the taking of the subject property. On August 26, 1993, the clerk of the court issued a certificate of taking in the amount of $15,834.00. The Town deposited the $15,834.00 with the court clerk. The monies were subsequently delivered to the plaintiff, as compensation to the plaintiff for the taking of the plaintiff's property.
On November 7, 1994, the defendant filed a motion for summary judgment (with regards to the February, 1992 complaint) on the grounds that the action was barred due to the condemnation proceeding and that governmental immunity barred the action. On January 3, 1995 the plaintiff filed a memorandum in opposition to the motion for summary judgment. He claims that the `just compensation' referred to by the defendant was the fair market value of that portion of the property taken as of August 11, 1993. The damages he is seeking in the present action are the damages based upon the fair market value of his property as of September 1988 without the defendant's drainage. On January 13, 1995, the defendant filed a reply memorandum in support of the summary judgment.
A. Standard for Summary Judgment
Pursuant to Practice Book § 384, a court will grant a motion for summary judgment "`if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Haesche v. Kissner, 229 Conn. 213, 217, quotingScrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, supra, 229 Conn. 217. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party."Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,781 (1991).
B. Damages for Nuisance and Trespass
"Where our statutes provide an efficacious means for assuring just compensation, that procedure will be followed. Only when the statutory procedure is inadequate to achieve this goal does a property owner have recourse to common law remedies." Russo v.CT Page 1735East Hartford, 4 Conn. App. 271, 274 (1985), see also Karp v. UrbanRedevelopment Commission, 162 Conn. 525, 529 (1972). Independent action is only warranted when there are questions that are beyond the reach of the statutory proceeding. Russo v. East Hartford, supra. Under the proceedings governed by General Statutes § 8-129, et seq., an assessment of just compensation under General Statutes § 8-129 includes "recovery for any damages visited upon the remainder which result from the taking." D'Addario v. Commissionerof Transportation, 172 Conn. 182, 184 (1976), see also Darling v.Waterford, 7 Conn. App. 485, 486 (1986) (holding that trespass and consequential damages for the cost of reconstructing a pond were within the ambit of allowable damages under General Statutes § 8-129). Accordingly, since the damages sought by the plaintiff were' within the statutory scope of General Statutes § 8-129, the defendant's motion for summary judgment should be granted.
C. Dispute over the Date of the Taking
Pursuant to General Statutes § 8-129, the date of the taking is the date on which the defendant recorded its certificate of taking. If "the condemnee claims any other date as the true date of the taking, it is incumbent upon him to present this claim to the Superior Court prior to the entry of the order referring to the referee, for review, the defendant's assessment of damages."Fishman v. Urban Redevelopment Commission, 175 Conn. 265, 267-68; (1978) (Emphasis added.), see also, Stanley Works v. New BritainRedevelopment Agency, 155 Conn. 86, 103 (1967).
In Fishman, the plaintiff's land was condemned pursuant to General Statutes § 8-129. In that proceeding, the date of the taking was determined to be April 10, 1970. After appealing the decision, pursuant to General Statutes § 8-130, the plaintiff subsequently invoked a collateral proceeding seeking interest from February 9, 1967 to April 10, 1970, the date he alleged the taking took place.[1] The court denied his motion, in part, because of the "plaintiff's failure to make a timely claim to the Superior Court challenging the determination of the date of taking." Id., 269. The principles enunciated in Section B, supra, apply to a dispute over the "taking" date and therefore the common law remedy sought by the plaintiff is not warranted. In other words, since a dispute regarding the taking date could have been resolved under a General Statutes § 8-132 proceeding, the plaintiff is precluded from `seeking a common law remedy.
D. Governmental Immunity
CT Page 1736
The town also claims it is entitled to summary judgment because it has the authority, under General Statutes § 13a-138,[2]
to drain water from the adjoining roadway onto the plaintiff's property without becoming liable for incidental and/or necessary damage to adjoining property owners. The pleadings and affidavits put the applicability of § 13a-138(a) in dispute. Essentially the plaintiff alleges the town is draining water from other property and not only from the adjoining roadway, and has gone beyond what is necessary for that purpose. Since this is a disputed factual issue summary judgment cannot be granted on this ground.
For the foregoing reasons, the Motion for Summary Judgment is granted.
Klaczak, J.