[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTIONS FOR SUMMARY JUDGMENT
The plaintiffs are property owners in the Hilton Drive section of the City of West Haven. They have filed an action claiming that they suffered substantial losses of property values when the defendants, City of West Haven and the West Haven Redevelopment Agency, anticipating an eminent domain proceeding, sought to drive down the value of the plaintiffs' properties so that the defendants could benefit from low appraisal values when the properties were condemned. The plaintiffs' action is brought under Article First Section 11 of the Connecticut Constitution; Sections 1983 and 1988 of Title 42 of the United States Code; the Fifth andFourteenth Amendments to the United States Constitution; and General Statutes § 48-17b.[1]
The plaintiffs contend that for a period beginning in 1993 and running continuously to June 23, 1998, the defendants carried out a course of conduct designed to bring about, and/or causing, the substantial destruction of the plaintiffs' real estate, as more fully set forth in paragraph 6 of the plaintiffs' complaint, dated September 1, 1999. CT Page 1381
On June 23, 1998, the defendants filed with the court a Statement of Compensation for the taking of the plaintiffs' properties, and on August 28, 1998, the defendants filed in court a Certificate of Taking of said properties.
The defendants in moving for summary judgment argue that the plaintiffs have been afforded procedural and substantive due process in the taking of their properties as the defendants have complied with General Statutes § 8-124 et. seq. regarding eminent domain. The defendants further argue that the issue of whether the taking of the plaintiffs' properties violated their constitutional or civil rights has been litigated in the United States District Court for the District of Connecticut. That litigation was comprised of the consolidated causes of Anita Cotton, etal. v. City of West Haven, West Haven Redeveloped Agency, and H. RichardBorer, Jr., Civil Action No. 3:97 CV 2320 (TPS) and Thomas C. Guernseyv. City of West Haven, West Haven Redevelopment Agency, and H. RichardBorer, Jr., Civil Action No. 3:97 CV 2321 (TPS). In those matters the court granted summary judgment in favor of the defendants on March 31, 2000.
The plaintiffs in opposing each defendant's motion for summary judgment argues that there are genuine issues of material fact regarding their claimed violations of substantive due process by the defendants. The plaintiffs additionally argue that the alleged actions by the defendants in diminishing the value of the plaintiffs' properties, resulted in an inverse condemnation claim by the plaintiffs, requiring a complex factual assessment of the purposes and economic effects of government actions that should be left to the trier of fact, and not resolved by summary judgment.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to CT Page 1382 determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
There are numerous plaintiffs in this action. Each of the individual plaintiff's actions claims that their property was "taken without just compensation in a manner constituting inverse condemnation by an unconstitutional taking." The plaintiffs seek compensatory damages and attorney fees pursuant to General Statute § 48-17b and pursuant to42 U.S.C. § 1983 and 1988.
An inverse condemnation proceeding is a remedy to be used only when the government has not exercised its right to eminent domain. Bauer v. WasteManagement of Connecticut, Inc., 234 Conn. 221, 249-250 (1995) N. 15,662 A.2d 1179 (1995); United States v. Clarke, 445 U.S. 253, 255-58,100 S.Ct. 1127, 63 L.Ed.2d 373 (1980); Agins v. Tiburon, 447 U.S. 255, 258
n. 2, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). This is not the circumstance in the present case. The plaintiffs admit that the defendants have filed certificates of compensation with the Superior Court. In Russo v. EastHartford, 4 Conn. App. 271 (1985) the Appellate Court upheld the trial court's decision in rendering judgment for the defendants where the plaintiff sought an inverse condemnation claim after an eminent domain proceeding had been instituted by the defendants. Those allegations were similar to the plaintiffs' claims in the present case in that it was claimed that prior to the condemnation the defendants had devalued the plaintiff's property so as to render the taking unconstitutional.
General Statutes § 8-126[2] allows the legislative body the authority to create a Redevelopment Agency. The West Haven Redevelopment Agency acquired the property in question on behalf of the City of West Haven. The City of West Haven took title to the property. Therefore, the plaintiffs' argument that it could not obtain relief from the West Haven Redevelopment Agency for the actions of the municipality, which was not the taking agency, is of no merit.
General Statutes § 8-130 allows the plaintiffs a remedy against the municipality in an eminent domain proceeding. It is the municipality who will have a judgment entered against it, in the event that final compensation awarded exceeds the amount of money which has been deposited by the Redevelopment Agency. The municipality is responsible for the amount of any deficiency. The relevant portion of General Statutes §8-130 reads as follows:
"If the amount of compensation is finally determined CT Page 1383 through the filing of an amended statement of compensation which is thereafter accepted by the owners and all other persons having a record interest therein as provided for in section 8-131, the redevelopment agency shall deposit with such amended statement an additional sum of money representing the excess over the amount appearing in the original statement of compensation. Interest shall not be allowed in any judgment on so much of the amount as has been deposited in court. Upon the application of any person claiming an interest therein the Superior Court, or any judge thereof, after determining the equity of the applicant in the deposit, shall order that the money so deposited or any part thereof be paid forthwith for or on account of the just compensation to be awarded in the proceeding. If the compensation finally awarded exceeds the total amount of money so deposited or received by any person or persons entitled thereto, the court shall enter judgment against the municipality for the amount of the deficiency."
 II
The court also finds that neither defendant has violated42 U.S.C. § 1983 or § 1988. The issue of whether or not the taking of the plaintiffs' properties as part of the Saw Mill redevelopment plan violated the Connecticut Constitution or the United States Constitution or the civil rights of the plaintiffs has been litigated in the United States District Court in the matter of AnitaCotton, et al. v. City of West Haven et al., supra. That action was also consolidated with the matter of Thomas C. Guernsey v. City of WestHaven, supra. The court's granting of the defendants' motion for summary judgment in those matters is dispositive of the constitutional claims in the present case.
In Cotton and Guernsey, the court confirmed the eminent domain powers of the defendants and the defendants' goals of eliminating "substandard, insanitary, deteriorated, deteriorating, slum or blighted areas which constitute a serious and growing menace . . ., to the public health, safety, morals and welfare of the residents of this state," pursuant to General Statutes § 8-124. The court noted that there was nothing to support any contention that the West Haven redevelopment Agency had any motivation in implementing the redevelopment plan other than the goals set forth in the legislation. CT Page 1384
There is nothing in the record of this case to support the plaintiffs' claims that the taking of their properties by the defendants was not justified or that they were not justly compensated, through the condemnation process. There is no claim that the defendants discriminated against the plaintiffs due to the ethnicity of the plaintiffs or that a racial intent was present. Arlington Heights v. Metropolitan HousingDev. Corp., 429 U.S. 252, 265 (1977). The plaintiffs must establish intentional discrimination by alleging that similarly situated persons have been treated differently. Gagliardi v. Village of Rawling,18 F.3d 188, 193 (2d Cir. 1994), however, they have failed to do so. The plaintiffs have not presented any evidence in their opposition to the motions for summary judgment to show some "racial, or class-based invidiously discriminatory animus" behind the actions of the defendants by way of the eminent domain proceedings. Id. at 194.
In summary, the plaintiffs received compensation for the properties through the condemnation process, pursuant to the procedures outlined in the General Statutes. The plaintiffs chose not to contest these amounts of compensation by arguing the value of their properties or the devaluation of their properties during the condemnation process.
Accordingly, the court finds that there is no inverse condemnation claim where the properties have been taken by eminent domain. The court also finds that the federal civil rights claims have been previously adjudicated in the analogous matter of Anita Cotton, et al. v. City ofWest Haven, et al., U.S. District Court, District of Connecticut, Civil Action No. 3:97 CV 2320 (TPS) (March 31, 2000) and Thomas C. Guernsey v.City of West Haven, et al., U.S. District Court, District of Connecticut, Civil Action 3:97 CV 2321 (TPS) (March 31, 2000).
The court grants the motions for summary judgment filed by the defendant City of West Haven, dated June 29, 2001 and the West Haven Redevelopment Agency dated August 3, 2001. The ruling in granting summary judgment applies to all counts and all plaintiffs by way of the complaint dated September 1, 1999. The court makes no finding as to the claims of the defendants that the decision of the District Court in Cotton, et al.v. West Haven, et al. is res judicata with respect to Thomas C. Guernsey, one of the multiple plaintiffs in the present case.
By the Court,
By: Arnold, J