[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #110
On December 14, 2001, the plaintiff, the city of New Haven,[1] filed a statement of compensation pursuant to General Statutes §§ 10-241a
and 48-6. Prior to filing the statement of compensation, the city had acquired the property of the defendants, Henry A. Hamilton and Eleanor B. Hamilton, through its statutory power of eminent domain pursuant to General Statutes §§ 10-241a and 48-5. The subject property, which is residential, and a portion of which is used as rental property, is located at 11 Baldwin Street in New Haven. The city of New Haven determined that the amount of compensation to be awarded to all entitled persons was $45,000, which sum was deposited with the clerk of the Superior Court in accordance with General Statutes § 8-130. On January 9, 2002, a certificate of taking was filed, at which time all title to the subject property vested in fee simple in the city of New Haven on behalf of the New Haven Board of Education.
On January 8, 2002, the defendants, in accordance with General Statutes § 8-132, filed an appeal and application for review of the statement of compensation.[2] They claim to be aggrieved by the statement of compensation because it is inadequate. CT Page 7580
On February 19, 2002, the plaintiff filed a motion for the transfer of security deposits. Specifically, it requested that the court order the defendants to provide counsel for the plaintiff with a statement as to whether the defendants are holding any funds from any tenant and an accounting of all interest on the funds and to pay over to the city the full amount of any funds and interest held for any tenant. It also sought an order that no disbursement of any sum deposited with the court in this eminent domain proceeding be paid to any party until the defendants comply with the court's order.
On February 19, 2002, the defendants moved to dismiss the plaintiffs motion on the ground that the court lacks subject matter jurisdiction to "entertain, hear and take action upon the motion in this condemnation appeal." On March 6, 2002, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss.
As a preliminary matter, the plaintiff objects to the defendants' motion on the basis that the Practice Book "does not provide for the filing of motions to dismiss to dispose of motions filed by adverse parties." Practice Book § 11-2 defines "motion" as "any application to the court for an order, which application is to be acted upon by the court or any judge thereof. . . ." A party may oppose a motion by filing a memorandum in opposition. The court therefore treats the defendants' "motion to dismiss" as a memorandum in opposition to the plaintiffs motion for transfer of security deposits.
In its memorandum in opposition to the defendants' opposition, the plaintiff argues that the transfer of security deposits to a successor owner is governed by General Statutes § 47a-21 et seq., and that the New Haven Board of Education, as the condemning authority in this action, is entitled to seek transfer of the security deposits held by the defendants. The plaintiff claims that, as a successor property owner, the board will be obligated under the statute to return the security deposits to the tenants when their tenancy terminates if the defendants have not already returned the deposits. Finally, the plaintiff contends that the security deposits "constitute obligations that run with the property," so that if the condemning authority must return the deposits, the condemning authority "will in effect pay more for the property than the value ultimately determined by the Court."
The defendants oppose the plaintiffs motion for transfer of security deposits on the basis that "the court does not have subject matter jurisdiction to entertain, hear and take action upon the motion in this condemnation appeal." They argue that the plaintiff "now seeks retribution against the Hamiltons for its own negligence in failing to properly take into account that the premises had tenants when it arrived CT Page 7581 at a determination of compensation for the taking of their property." The defendants contend that the "trial court's jurisdiction in a condemnation proceeding is limited to the assessment of damages" and that "questions of individual liability or contribution" must be resolved in a "separate action."
General Statutes § 47a-21 governs security deposits. Section 47a-21
(h), which governs escrow deposits, provides, in pertinent part: "(1) Each landlord shall immediately deposit the entire amount of all security deposits received by him . . . from his tenants into one or more escrow accounts for such tenants in a financial institution. . . . (2) Each landlord and each successor to the landlord's interest shall maintain each such account as escrow agent and shall not withdraw the amount of any security deposit or accrued interest on such amount. . . . (3)(A) Whenever any real estate is voluntarily or involuntarily transferred from a landlord . . . to his successor . . . such landlord shall withdraw from the escrow account and deliver to his successor the entire amount of security deposits paid by tenants of the property being transferred, plus accrued interest provided for in subsection (i) of this section."[3]
Section 47a-21 (c), in pertinent part, provides that "[a]ny security deposit paid by the tenant shall remain the property of such tenant. . . . A security deposit shall . . . not be considered part of the estate of the landlord or his successor in any legal proceeding. . . ." In Costinv. Collins, Superior Court, judicial district of New Haven at New Haven, Docket No. 370818 (March 27, 1998, Downey, J.), the court emphasized that a security deposit which has been placed in an escrow account may not be used for any purpose other than those specified in § 47a-21 (h) (4).[4]
Pursuant to General Statutes § 47a-68 (h), "[a]ll actions for back rent, damages, return of security deposits and other relief arising out of the parties' relationship as landlord and tenant or owner and occupant . . ." are considered "housing matters." Housing matters fall within the jurisdiction of the Superior Court. General Statutes § 47a-69. The plaintiffs motion in the present action, however, was filed in the context of an eminent domain proceeding in which the defendants have appealed their compensation award. The court must therefore examine whether, within the context of an eminent domain proceeding, the court may adjudicate issues pertaining to security deposits.
General Statutes § 8-132 governs an appeal from a compensation award. The process involves the appointment of a referee who must assess the fair market value of the subject property and determine whether the award should be adjusted. The trial referee "is charged by the General Statutes and the decisions of this court with the duty of making an CT Page 7582 independent determination of value and fair compensation in light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. . . ." (Citation omitted; internal quotation marks omitted.) Feigenbaum v. Waterbury, 20 Conn. App. 148, 153, 565 A.2d 5
(1989).
In St. John v. Commissioner of Transportation, 172 Conn. 234, 240,374 A.2d 190 (1977), the court recognized that the limited scope of an appeal from a statement of compensation in an eminent domain proceeding is "the reassessment of damages resulting from the taking. . . ." Echoing the court in St. John, the court in Russo v. East Hartford,4 Conn. App. 271, 493 A.2d 914 (1985), noted that "there are circumstances which may warrant an independent action to determine questions which cannot be reached in [an appeal from a statement of compensation]. An independent action is justified, for example, where the negligence of a contractor which is a necessary, natural and proximate result of the taking has caused damage to the property . . . or where there is a dispute over the payment of interest on funds deposited with the condemner prior to the date of the actual taking." (Citation omitted.) Id., 274 n. 2.
"`The single objective of an eminent domain proceeding is to ensure that the property owner shall receive, and that the state shall only be required to pay, the just compensation which the fundamental law promises the owner for the property which the state has seen fit to take for public use.'" Crump v. Connecticut Resources Recovery, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 562290 (February 7, 1997, Hennessey, J.), quoting Russo v. East Hartford, supra, 4 Conn. App. 274.
Because the subject security deposits do not affect the market value of the subject property, the issue of the transfer of security deposits falls into the category of matters-which warrant an "independent action."Russo v. East Hartford, supra, 4 Conn. App. 274 n. 2. Accordingly, the plaintiffs motion to transfer the security denied.
 ___________________ Jonathan E. Silbert, Judge