## VELVET CLAUD-CHAMBERS ET AL. *v.* CITY OF WEST HAVEN ET AL.
### (AC 22792)

Schaller, Mihalakos and Hennessy, Js.

Argued June 6—officially released September 16, 2003

*John R. Williams*, for the appellants (plaintiffs).

*Paul J. Dorsi*, assistant corporation counsel, with whom, on the brief, was *Michael P. Farrell*, corporation counsel, for the appellee (named defendant).

*Kenneth J. Mastroni*, for the appellee (defendant West Haven Redevelopment Agency).

MIHALAKOS, J. This is an appeal from the summary judgment rendered against the plaintiffs[1] and in favor of the defendants[2] in an inverse condemnation proceeding. Specifically, the plaintiffs claim that an unconstitutional taking of their private property occurred and that the trial court improperly determined that there were no genuine issues of material fact.[3] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiffs' appeal. On June 23, 1998, the defendants filed with the court a statement of compensation for the taking of the plaintiffs' properties.[4] On August 23, 1998, a certificate of taking was filed.[5] No appeal was ever filed by the

[1] The plaintiffs are the owners of various condominium units in West Haven. In addition to Velvet Claud-Chambers, the other plaintiffs in this appeal are Deborah P. Conlon, Ellis Gamble, Jr., Carol F. Gaudio, Pasquale R. Gaudio, Rose Gray, Thomas C. Guernsey, Edwin H. Matasik, Ali Mohseni, Ali A. Mohseni, Janice V. Page, Robert E. Page, Mieczyslaw Ponarski, Thomas J. Skibitcky, Thomas J. White, Deanna Williamson and Patricia A. Zapata.

[2] The defendants are the city of West Haven and the West Haven Redevelopment Agency. On appeal, the city adopted the brief filed by the West Haven Redevelopment Agency.

[3] The plaintiffs argue in their brief that summary judgment is not appropriate for "complex" cases such as the present appeal. Our Supreme Court has recently stated that "as a matter of law, no case is too complex for summary judgment." *Gould* v. *Mellick & Sexton*, 263 Conn. 140, 147, 819 A.2d 216 (2003).

[4] General Statutes § 8-129 provides in relevant part that "[t]he redevelopment agency shall determine the compensation to be paid to the persons entitled thereto for such real property and shall file a statement of compensation, containing a description of the property to be taken and the names of all persons having a record interest therein and setting forth the amount of such compensation . . . ."

[5] General Statutes § 8-129 provides in relevant part: "Not less than twelve days nor more than ninety days after such notice and such statement of compensation have been so served . . . the redevelopment agency shall file with the clerk of the superior court a return of notice . . . and, upon receipt of such return of notice, such clerk shall, without any delay or continuance of any kind, issue a certificate of taking setting forth the fact of such taking, a description of all the property so taken and the names of the owners and of all other persons having a record interest therein. The

plaintiffs.[6] In fact, the plaintiffs admit that the defendants have filed the certificate of compensation with the Superior Court.

The plaintiffs initiated the present action by filing a complaint dated September 1, 1999. The plaintiffs alleged that starting in 1993 and continuing until June 28, 1999, the defendants engaged in a course of conduct that caused a substantial destruction of the value of the real estate owned by the plaintiffs. Such conduct included, inter alia, reducing the police presence in the neighborhood, publicly labeling the area as "blighted," urging residents to move away from the area and threatening to take over the area by eminent domain. Those actions, according to the plaintiffs, formed the basis for their claim of inverse condemnation.

The defendants each filed a motion for summary judgment. They argued that due to the completion of the eminent domain proceedings, the plaintiffs were precluded from bringing an inverse condemnation action. In support of their argument, the defendants relied on *Russo* v. *East Hartford*, 4 Conn. App. 271, 493 A.2d 914 (1985). The court granted the defendants' motions and rendered judgment as a matter of law. This appeal followed.

At the outset, we set forth the applicable standard of review and legal principles that govern our resolution of the plaintiffs' appeal. "Our standard of review of a court's decision to grant a motion for summary judg-

redevelopment agency shall cause such certificate of taking to be recorded . . . . Upon the recording of such certificate, title to such property in fee simple shall vest in the municipality, and the right to just compensation shall vest in the persons entitled thereto. . . ."

[6] General Statutes § 8-132 (a) provides in relevant part that "[a]ny person claiming to be aggrieved by the statement of compensation filed by the redevelopment agency may, at any time within six months after the same has been filed, apply to the superior court . . . for a review of such statement of compensation . . . ."

ment is well established. Practice Book § 17-49 provides in relevant part that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Ghent* v. *Meadowhaven Condominium, Inc.*, 77 Conn. App. 276, 281–82, 823 A.2d 355 (2003).

An inverse condemnation proceeding is a remedy to be used only when the governmental authority has not exercised its right to eminent domain. *Bauer* v. *Waste Management of Connecticut, Inc.*, 234 Conn. 221, 249–50 n.15, 662 A.2d 1179 (1995); see also *Agins* v. *Tiburon*, 447 U.S. 255, 258 n.2, 100 S. Ct. 2138, 65 L. Ed. 2d 106 (1980); *United States* v. *Clarke*, 445 U.S. 253, 255–58, 100 S. Ct. 1127, 63 L. Ed. 2d 373 (1980); 27 Am. Jur. 2d 344–45, Eminent Domain § 826 (1996). With the foregoing background in mind, we now address the specifics of the plaintiffs' appeal.

Simply put, the plaintiffs claim that the court improperly determined, as a matter of law, that they were precluded from bringing an action for inverse condemnation after eminent domain proceedings had been concluded. We disagree and conclude that the court

properly determined that *Russo* v. *East Hartford*, supra, 4 Conn. App. 271, controls the present appeal.

In *Russo*, the plaintiffs claimed that various regulations affected their land from the date that those regulations were instituted until the date of the actual condemnation so as to amount to an unconstitutional taking. Id., 273. This court, in affirming the judgment rendered in favor of the defendants, stated: "Where our statutes provide an efficacious means for assuring just compensation, that procedure will be followed. . . . The statutory procedure under which the plaintiffs [previously] proceeded . . . General Statutes §§ 8-129 to 8-133 . . . provides an efficient procedure for vindicating the common law right to compensation for a taking of property by eminent domain. . . . *We see no justification under the facts of this case for the institution of an independent action which seeks, in essence, only to relitigate the issues* . . . ." (Citations omitted; emphasis added.) *Russo* v. *East Hartford*, supra, 4 Conn. App. 274.

In the present case, the plaintiffs received just compensation through the condemnation proceedings and chose not to challenge the value assigned to the property during those proceedings. Furthermore, they failed to challenge the valuation pursuant to General Statutes § 8-132. If the plaintiffs were unsatisfied with the compensation that they received, an appeal should have been taken during the compensation process. The plaintiffs' inverse condemnation claim would serve only to relitigate the issues that were resolved in the eminent domain action. We agree with the statement of the defendants, made in their brief, that "the fact that the plaintiffs chose not to pursue their remedies pursuant to . . . §§ 8-129 to 8-133 is fatal to their claim." There can be no valid inverse condemnation claim when the property in question already has been taken by eminent domain. Our holding in *Russo* v. *East Hartford*, supra,

4 Conn. App. 271, controls our resolution of the plaintiffs' appeal.

The judgment is affirmed.

In this opinion the other judges concurred.