TOWN OF THOMASTON *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued January 3—decided February 13, 1968

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Jack Rubin,* assistant attorney general, for the appellant (defendant).

*H. Gibson Guion,* for the appellee (plaintiff).

ALCORN, J. This appeal presents the question whether, in eminent domain proceedings initiated by the state highway commissioner in which the amount assessed by the commissioner as damages is the only issue in dispute, the owner of the condemned property may compel a real estate appraiser employed by, but not offered as a witness by, the commissioner to testify concerning his opinion as to the value of the condemned property. A secondary issue is the admission into evidence of the witness' appraisal report.

The question arose in this way. The state highway commissioner, hereinafter referred to as the

state, condemned, pursuant to General Statutes § 13a-73 (b), about 1.05 acres of land and a two-story, brick and frame school building situated on the land belonging to the town of Thomaston, hereinafter called the town. The building was in active use as a school. The state condemned the property for a trunkline highway and assessed the damages to the town for the taking at $35,500. The town appealed to the Superior Court for a reassessment of damages, and the court referred the case to a state referee to make the reassessment. General Statutes § 13a-76. At the hearing before the referee, the town called, as a rebuttal witness, Walter Kloss, a real estate expert who had been employed by the state to appraise the damages arising from the taking but who had not been produced as a witness by the state. The state objected to any testimony by Kloss as to the value of the property on four grounds: The issue should have been raised on a motion for disclosure prior to the reference of the case to a referee; the witness was under contract as an expert to render a confidential report to the state; his report was the "work product" of an expert for which he was paid by the state, and his testimony and report were not available to the town to be offered by it in evidence; and Kloss was a privileged witness who could not be required to divulge his appraisal and report because they were confidential. The witness, after being sworn, refused to testify because of his contract with the state. The referee, with the approval of the parties, then returned the case to the court for a ruling on the legal issue presented.

At this point, the procedure becomes cloudy because the printed record does not disclose the manner in which the question came before the court.

The Superior Court file, which we judicially notice; *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476; shows that the town made a motion, pursuant to Practice Book § 168, for a disclosure of the names of all persons who had appraised the property other than the one appraiser who had testified for the state, for a disclosure of the amounts of the appraisals made by each, and for an order requiring the state to produce the reports of all such appraisals for inspection and copying. The court file also shows that the state filed an objection to the motion on the grounds that the disclosure sought concerned the privileged "work product" of an expert retained by the state which was not needed by the town in the prosecution of its appeal and that the appraisals sought consisted of opinions which were based on facts which were available to and already in the possession of the town.

The court filed a memorandum of decision which concluded by ordering "that the State's witness answer the question propounded to him as to his opinion of the fair market value of the property condemned by the State before the taking." The memorandum of decision does not indicate that it resulted from a hearing on the motion for disclosure and the objection thereto. Nor does the order which was passed meet any of the issues presented by the motion or the objection to it. The judgment file, however, recites that the court granted the motion for disclosure, and, in this appeal, the parties treat the order of the court as responsive to the motion.

Following the court's decision ordering the witness to answer the question propounded to him, the case was again referred to the referee, and Kloss was again summoned as a witness by the town. The

objections previously made to his testimony were repeated by the state, the referee overruled them, and the state duly excepted. There is no claim that the town had refused to compensate Kloss for his appearance as an expert witness. Kloss then testified that, in his opinion, the condemned property had a value of $52,700. Another appraiser, who had previously been called as a witness by the town, had valued the property at $57,800. Charles B. Trobel, the only appraiser called by the state, had valued the property at $35,500.

The state then called a witness who was asked to describe the process by which it had decided to assess, as damages for the taking, the valuation of $35,500 placed upon the property by Trobel rather than the value of $52,700 determined by Kloss, both appraisers having been employed by the state to value the property. This procedure involved, in substance, an evaluation of the Trobel and Kloss reports by a review appraiser who was a salaried employee of the state and a further review by a screening committee of three persons. At the conclusion of this testimony, the town offered, as an exhibit, the appraisal report which Kloss had furnished to the state. The defendant objected on the ground that the report was "not necessary due to the limited testimony respecting it." The referee overruled the objection and admitted the report as an exhibit, and the state duly excepted.

At the conclusion of all the evidence, the referee decided, and reported to the court, that the town had sustained damages of $45,900 as a result of the taking. The report of the referee was accepted by the court over the defendant's objection, and judgment was rendered for the town in accordance with the referee's report.

The state assigns, as distinct issues on this appeal, that (1) both the court and the referee erred in requiring Kloss to testify as to his opinion of the value of the condemned property and (2) the referee erred in admitting Kloss' appraisal report into evidence. We will consider the issues in that order.

At the outset, we emphasize that the case does not involve an issue of pretrial discovery. We considered such an issue in *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 93–95, 230 A.2d 9, in which a motion for disclosure and production almost identical to the one filed by the town in the present case was involved, and we concluded that the material sought was not immune to disclosure on grounds of privilege, confidentiality or "work product" of the appraiser. In the present case, it is clear that the parties understood that the question presented to the trial court was whether the witness could be compelled to testify concerning his opinion as to the value of the property. The court ruled on no other issue, nor did the referee. The objections made by the state that such testimony was confidential, privileged and the "work product" of the appraiser are as lacking in merit on this issue as the same objections were on the motion for disclosure and production in the *Stanley Works* case.

It would unnecessarily expand our discussion to analyze the nature of, and the reasoning which underlies, the very wide diversity of authority in other jurisdictions on the subject of the right of a litigant to require, on his own behalf, testimony concerning an opinion by an expert employed by the adverse party. Many divergent decisions on the question are gathered in the annotation in 77

A.L.R.2d 1182. Many equally diverse decisions concerning the pretrial discovery of expert opinion, with which we are not here concerned, appear in the annotation in 86 A.L.R.2d 138.

It would appear that the proliferation of the fields of expertise in our day, the variety of factual circumstances encountered, and the occasional existence of local statutory or procedural rules account for much of the divergence of opinion. Some of the cases reason that the expert's opinion is in the nature of property which cannot be constitutionally availed of without just compensation, that his duty to give opinion evidence depends upon contract, or that, having been employed by the adverse party, he should not be required to serve two masters. See note, 77 A.L.R.2d 1182, 1185. Such reasoning evinces a primary concern for the interests of the witness to which the ascertainment of the truth in justice to the parties seems to be secondary. Undeniably, there is a distinction between the duty of a witness to testify to factual matter within his knowledge and the imposition of a requirement that he voice his opinion concerning a subject with which he is conversant as an expert. It is the duty of every witness, lay or expert, to respond to a subpoena and, unless privileged, to testify to factual matters relevant to a controversy. If the rule was otherwise, the trial of causes in the courts would be seriously impeded. The same necessity does not exist, however, for requiring a witness who has been employed as an expert by a litigant to testify to his expert opinion as a witness for his employer's adversary. It is because of this factor that the unanimity which exists in the first situation disappears when courts have been confronted with the second.

Nevertheless, it has been held that a landowner may, in eminent domain proceedings, require the state's appraiser to testify concerning his valuation of the land because the inquiry goes only to the appraiser's subjective knowledge. *People ex rel. Department of Public Works* v. *Donovan,* 57 Cal. 2d 346, 355, 369 P.2d 1. Still other jurisdictions have, on various grounds, held that the adversary's appraiser may, in condemnation cases, be called as a witness to testify to his opinion. *Crist* v. *State Highway Commission,* 255 Iowa 615, 627, 123 N.W.2d 424; *Logan* v. *Chatham County,* 113 Ga. App. 491, 148 S.E.2d 471; *State Highway Commission* v. *Earl,* 143 N.W.2d 88 (S.D.); *State* v. *Biggers,* 360 S.W.2d 516 (Tex.); *State ex rel. Reynolds* v. *Circuit Court,* 15 Wis. 2d 311, 320, 112 N.W.2d 686, 113 N.W.2d 537. To the contrary, it has been held that the better rule is to refuse to compel a real estate expert in a condemnation case to give an opinion against his will when called upon to do so by the adversary of the party who employed him. *People ex rel. Kraushaar Bros. & Co.* v. *Thorpe,* 296 N.Y. 223, 225, 72 N.E.2d 165; *Brink* v. *Multnomah County,* 224 Ore. 507, 516, 356 P.2d 536; *Pennsylvania Co. for Ins. on Lives & Granting Annuities, Trustee* v. *Philadelphia,* 262 Pa. 439, 441, 105 A. 630; *L'Etoile* v. *Director of Public Works,* 89 R.I. 394, 405, 153 A.2d 173.

Massachusetts, on the other hand, appears to take the intermediate position that the admissibility of such testimony rests in the sound discretion of the trier. *Ramacorti* v. *Boston Redevelopment Authority,* 341 Mass. 377, 379, 170 N.E.2d 323.

We believe that justice is best served in a case such as the one before us by requiring the appraiser to testify to his expert opinion when called upon

to do so. This is not to be taken to mean that every expert witness is to be held to the same requirement. The wide diversity of subjects on which expert opinion may be required and the varying circumstances under which the opinion may be sought militate against any such sweeping generalization. We decide only the case of the type at hand. We have, in the present case, an eminent domain proceeding initiated by the state. The property owner is required to yield involuntarily to the sovereign's demand. The only question in issue is the fair value of the property seized. The single objective of the present proceeding is to ensure that the property owner shall receive, and that the state shall only be required to pay, the just compensation which the fundamental law promises the owner for the property which the state has seen fit to take for public use. All material and relevant information which will assist the trier in determining the sum of money which will constitute that just compensation should, in justice to both parties, be made available to him. We apprehend no unfairness to the witness in requiring him to give the trier the benefit of his expert opinion to that end. The expert employed to make an appraisal in such a proceeding would, in the normal course of events, expect to be called upon, as a witness, for his opinion. His employer's failure to call him should not, in a case of this kind, be allowed to deprive the trier of the benefit of that opinion. Neither the court nor the referee erred in requiring the witness to testify.

We turn now to the second issue, namely, the admission into evidence of the Kloss appraisal report. The objection that it was "not necessary due to the limited testimony respecting it" is without merit. The testimony had been that the report

had been reviewed and evaluated along with the Trobel report by the review appraiser. The Trobel report was in evidence. The reviewer had testified that he considered the Kloss report "weak" in establishing the depreciation of the building but that he concurred with the Trobel report. The referee was entitled to have the two reports for comparison in the light of this testimony.

On this appeal the state adds a claim that the Kloss report was not admissible because it contained data which was hearsay, irrelevant or not the best evidence. The referee has stated in his report, however, that this objection was not made when the Kloss report was offered in evidence. Consequently, we do not consider it.

There is no error.

In this opinion the other judges concurred.