[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 22, 1999, the Commissioner of Transportation ("Commissioner") filed Notice of Condemnation pursuant to §§ 13a-73(b) and 13a-73(e) of the General Statutes for the layout, alteration extension, widening, change of grade drainage and improvement of the highway commonly known as I-95 at Exit 42. The assessment of damages was $7,000.00. The defendant Crestwood II et al. ("Crestwood") appealed pursuant to C.G.S. § 13a-76.
On September 25, 2000, the matter was referred to the undersigned for hearing, decision and judgment.
The property taken is the sum of 269 plus or minus square feet running along the main highway at the entrance of the property which sets back a substantial distance from where it borders the highway. The Commissioner also took property for a slope which contained about 1,653 square feet. The Commissioner took the property to widen Saw Mill Road which is a heavily traveled highway. The Commissioner installed a new catch basin and intended to construct additional catch basins.
Both parties concede that in a partial taking of land that damages are determined by the difference between market value of the property before and after the taking.
"In determining fair market value, the trier may select the method of valuation most appropriate to the case before it. Laurel, Inc. v.Commissioner of Transportation, 180 Conn. 11, 37-38 (1980).
Just compensation for the taking of private property by eminent domain `requires that the condemnee shall be put in as good a condition pecuniarily as he would have been in had the property not been taken'.Laurel, Inc. v. Commissioner of Transportation, supra, 37; Meriden v.Ives, 165 Conn. 768, 773 (1974); Capiello v. Commissioner ofTransportation, 203 Conn. 675, 681 (1987)."
Commissioner's argument about the bushes although interesting is inapplicable in this case. (See Commissioner's Post Trial Brief re Loss of Trees). Both appraisers testified that the loss of bushes had certain value. CT Page 14610
Commissioner argues that the objective of the present proceedings is to ensure the property owner shall receive and the State shall only be required to pay just compensation.
Crestwood's appraiser's report demonstrated damages to the land @ $5,000; acquisition of easement for slope @ $6,500 and damages to shrubs @ 150.00 each or $1,500 for a total of $13,000 (see Exhibit 1).
Commissioner's appraiser evaluated the taking of the land @ $2,600; $3,900 for the slope and $500.00 for the shrubs.
The court viewed the premises and as conceded by the parties the taking does not affect the rental apartment complex at all.
Section 13a-76 in pertinent part provides "Such trial referee shall view the premises and take testimony as far as it affects the applicant and shall thereupon reassess the damages.
The court viewed the premises and has heard the testimony of two appraisers for each party in this case and finds the award should be in the amount of $10,000.00. Three Thousand Dollars above the amount of the deposit by the Commissioner.
Frank S. Meadow, Judge Trial Referee