[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a taking by the Commissioner of Transportation of certain real property owned by the defendants herein and located at 350 Boston Post Road. Route 1, Orange, Connecticut pursuant to §§ 13a-73(b), 13a-73(e) and 13a-98(e) of the Connecticut General Statutes.
The taking is for highway purposes and consists of some 2261 square feet more or lass together with an easement and right under, over and across portions of the owners' remaining land. The easement is for a full and perpetual easement to slope for the support of the highway within an area of 625 feet more or less. The right of entry is to construct a driveway and install a sedimentation control system, said right to terminate automatically upon completion of the project.
The notice of taking assesses the damages at $14,500.00. It should be noted, however, that a subsequent appraisal by the Commissioner of Transportation indicates the damages to be $19,000.00. The applicants herein find this to be unacceptable and have appealed from said assessment seeking to have the court reassess the damages and have asked that they be awarded damages in the amount of $54,000.00. CT Page 8347
The appeal has come before the undersigned Judge Trial Referee for a hearing thereon. The court has heard the evidence as presented and has viewed the property in question.
"The single objective of an eminent domain proceeding is to insure that the property owner shall receive and that the State shall only be required to pay, the just compensation which the fundamental law promises." Thomaston v. Ives, 156 Conn. 166, 174, 229 A.2d 515 (1968);Bruno v. East Hartford, 4 Conn. App. 271, 274.
"It is the court's duty to award just compensation to any person whose property is taken for public use. The usual measure of just compensation is the fair market value or the price that would probably result from fair negotiations between a willing seller and a willing buyer, taking into account all the factors including the highest and best or most advantageous use, weighing and evaluating the circumstances, the evidence, the opinions expressed by the witnesses and considering the use to which the premises have been devoted and which may have enhanced its value." (Internal citations omitted.) Wronowski v. Redevelopment Agency,180 Conn. 579, 585.
The Fifth Amendment to the Constitution of the United States and Article First, Section 11 of the Constitution of the State of Connecticut direct that the property of no person shall be taken for a public use without just compensation.
Section 13a-73(b) authorizes such a taking by the Commissioner of Transportation and directs that the owner shall be paid by the State for "all" damages.
Our Supreme Court has said that "just compensation means a fair equivalent in money for the property taken as nearly as its nature will permit; Waterbury v. Platt Bros. Co., 76 Conn. 435, 440, 56 A. 856; NewHaven Water Co. v. Russell, supra, 368; and that fair market value is ordinarily the means of compensation, although this is not necessarily so. State v. Suffield and Thompsonville Bridge Co., 82 Conn. 460, 467, 74 Alt. 775. . . . In United States v. Nahant, 153 F. 520, 82 C.C.A. 470 . . . the court pointed out [p. 521] that the question was to be decided upon equitable principles. . . . `The paramount law intends that the owner shall be put in as good condition pecuniarily by a just compensation as he would have been if the property had not been taken. . . . The question of just compensation contemplated by the Constitution is more an equitable question than a strictly legal or technical one' and it also said [p. 524] `The primary question of course is just compensation and this means full equivalent for the property taken.'" Winchester v. Cox, CT Page 8348129 Conn. 106, 114.
"In a condemnation case, the referee is more than a trier of facts or an arbiter of differing opinions of witnesses. `He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge, and his viewing of the premises.'" Brown v. Ives, 171 Conn. 231, 219; Birnbaumv. Ives, 163 Conn. 12, 21.
"Damages recoverable for a partial taking are ordinarily measured by determining the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." Cappiello v.Commissioner of Transportation, 203 Conn. 675, 679; D'Addario v.Commissioner of Transportation, 180 Conn. 355, 365, 429 A.2d 890 (1980).
"The principles of Connecticut law on the assessment of damages for a partial taking reflect the judicial philosophy that just compensation requires that the condemnee shall be put in as good a position pecuniarily as he would have been had the property not been taken."Cappiello v. Commissioner of Transportation, 203 Conn. 675, 681 (internal citations omitted).
 "Where only a portion of a tract is taken for public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking." Laurel Inc. v. Commissioner of Transportation of Conn., 180 Conn. 11, 37 (internal citations omitted).
Tandet v. Urban Redevelopment Commissioner, 179 Conn. 293, 299 (1979).
"In determining the market value of the remainder after a partial taking we have said that `it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which could legitimately affect the price a prospective purchaser would pay for the land.'" Bowen v. Ives, 173 Conn. 231, 236, 368 A.2d 82 (1976).
The subject property is located on the Boston Post Road in the Town of Orange and lies within a commercial zone. The entire area along the highway is heavily commercial in nature as is the use of the appellants' property. Both appraisers have in fact found that the highest and best use of the property is for commercial purposes and that the appropriate CT Page 8349 method for determining the fair market value of the property taken is by way of the comparable sales method.
Both parties have used various sales of property which they deem to be comparable to the property taken but have reached widely different results. The court has reviewed all of the properties that were compared by both parties in arriving at its conclusion. The Commissioner relies heavily upon property located at 50 Boston Post Road, Orange, some distance away from the subject property. This reliance the court finds misplaced. There are several vacant commercial buildings in the area which seems to be somewhat depressed when compared to the bustling activity surrounding the subject property.
In reviewing the various exhibits, the court notes that the appraisal of the property owner is dated August 28, 2000, whereas the Notice of Taking is dated April 28, 2000. The dates being fairly close in time and that there has been no measurable change in values during that time, the court will consider the applicants' determination of value as of the date of the taking: April 28, 2000.
The court finds the highest and best use of the subject property to be commercial that is its present use.
After examining all of the evidence presented and after viewing the property taken the court finds the impact on the subject property resulting from the taking to be far greater than claimed by the Commissioner of Transportation.
The parcel prior to the taking consisted of some 35,631 square feet. To this the court attaches a value of $17.00 per square foot giving the property a before taking value of $605,727.00.
The taking consisted of some 2,261 square feet. Since the State alleges that there are no consequential damages to the remainder and the applicant has introduced no evidence to the contrary, the value per square foot will remain the same. Thus, that portion of the property actually taken in fee amounts to some 2,261 square feet with a value of $38,437.00 rounded to $38,400.00.
The area that has become encumbered by the easement to slope consisted of some 625 square feet. While the owner will retain the fee, the use of the property will be greatly diminished which the court estimates to be 50 percent. The court finds these damages to amount to $5,312.00 rounded to $5,300.00.
Total damages the court find to be $43,700.00. Taking into CT Page 8350 consideration the $15,500.00 paid to the Clerk of the Court, judgment may enter in the amount of $28,200.00.
The court, pursuant to § 13a-76 of the General Statutes, awards to the applicant a reasonable appraisal fee in the amount of $1850.00.
Judgment may enter in accordance with the above.
The Court
By Curran, J.