[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The applicant herein, Margaret Law, has appealed from a taking by the Commissioner of Transportation of certain property located in the Town of Orange and owned by the said Margaret Law.
The Commissioner of Transportation has filed a Notice of Condemnation and Assessment of Damages, pursuant to § 13a-73b and § 13a-98c of the Connecticut General Statutes, taking a portion of the applicant's property located at the intersection of Marsh Hill Road and Indian River Road in the Town of Orange. The condemnation consists of a taking area of 6,286 square feet more or less, an easement to slope of 1,367 square feet more or less, together with a right of entry to construct a driveway of some 538 square feet more or less, which right will automatically terminate when the work is completed.
The taking was found by the Commissioner "to be necessary for the layout, alteration, extension, widening, change of grade and improvement of Marsh Hill Road and South Lambert Road." See Exhibit 1, Notice of Taking.
Damages assessed were $31,700.00. It is from this assessment that the applicant, Margaret Law, has appealed. CT Page 14875
Article First, Section 11 of the Connecticut Constitution provides that: "The property of no person shall be taken for public use without just compensation therefor."
The Connecticut courts have consistently stated that "[t]he question of what is just compensation is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good position pecuniarily by just compensation as he [or she] would have been in had the property not been taken. The amount that constitutes Just compensation is the market value of the condemned property when put to its highest and best use at the time of the taking." (Internal citations omitted). Commissioner of Transportation v. TowpathAssoc., 255 Conn. 529, 540.
The subject property lies in a business office park zone. However, its present use is residential, a use which is permitted as a nonconforming use.
In determining the fair market value of the property, one must first consider its highest and best use. The Commissoner's appraiser found that the highest and best use to be any commercial use. However, on cross examination, he stated that the only use was for a single family residence. The applicant, however, urges that the highest and best use of the property be considered as merged with the adjacent property for a hotel/motel use.
The highest and best use of a parcel contemplates the use which will most likely produce the highest market value, greatest financial return or the most profit. In determining its highest and best use, he trial referee must consider whether here was a reasonable probability that, in the reasonably near future, the subject property would be put to that use, and the effect, if any, that such a prospective use may have on market value at the time of the taking. Commissioner of Transportationv. Towpath Assoc., supra, 540-541.
With all of these factors in mind, the court considers the highest and best use of the property as being merged with the adjacent parcel, for a hotel/motel purpose. The value to the adjoining property owner would be the access he would acquire on a principal, four corner intersection. He would only be interested in acquiring the same at a discounted price. Thus, a reduction of 30% would be appropriate. This would produce the highest market value, the greatest financial return and the most profit. With reasonable probability, the court can assume that such a use would be made of the subject property in the reasonably near future. CT Page 14876
In arriving at the fair market value of the property taken, both parties have made use of the comparable sales method in arriving at their conclusion as to the fair market value of the taking.
The court agrees that the use of the comparable sales method in arriving at their conclusions as to value is the correct approach. In examining the various sales employed by both appraisers, the court finds the comparable sales employed by the applicant's appraiser to be stronger except for the state's use of the comparable on Marsh Hill Road. The court therefore gives much greater weight to the comparables used by the applicant.
"Damages recoverable for a partial taking are ordinarily measured by determining the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." Cappiello v.Commissioner of Transportation, 203 Conn. 675, 679 (internal citations and quotations omitted). In this case, it is agreed that there are no severance damages. Therefore, we are concerned only with the before and after values.
In an eminent domain proceeding, a trial court may seek aid in the testimony of experts but must ultimately make its own independent determination of fair compensation . . . on the basin of all the circumstances bearing upon value." (Internal citations and quotations omitted). French v. Clinton, 215 Conn. 199, 202-203, 575 A.2d 686.
The court, in arriving at its conclusion, has valued only the land am it is only land that is affected, therefore the court finds:
Market value before taking: $578,000.00
Market value after taking: $529,000.00
Damages for the taking: $49,000.00
Damages for easement to slope: $5,364.00
Right of entry to construct driveway: $287.00
Loss of trees and stonewall: $10,000.00
Total: $64,651.00 CT Page 14877
The court finds the total damages to be $64,651.00 rounded to $65,000.00 with interest at the statutory rate. The Commissioner has deposited with the Clerk of the Court for the District of Ansonia/Milford the sum of $31,700.00 leaving a balance of $32,951.00.
The court awards an appraisal fee of $3,000.00.
Judgment may enter in accordance with the above.
The Court
Curran, J.