[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a taking by the Commissioner of Transportation of certain real property owned by the defendant herein and located at the northwest intersection of the Boston Post Road, Route 1, and Lambert Road in the Town of Orange, Connecticut, known as 347 Boston Post Road, Orange, pursuant to §§ 13a-73 (b), 13a-73 (e) and 13a-98
(e) of the Connecticut General Statutes.
The taking is for highway purposes and consist's of an easement comprising some 2986 square feet. The purpose of the easement is to improve the traffic flow through the intersection. In fact, the area encompassed in the easement is now the turning lane.
The notice of taking assesses damages at $15,500.00. It should be noted, however, that a subsequent appraisal by the Commissioner of Transportation indicates the damages to be $23,500.00. The owner finds CT Page 1587 this to be unacceptable, resulting in the Commissioner bringing this action seeking to have the court assess the damages for the taking. The defendant owner is seeking an award of $50,700.00.
The appeal now comes before the undersigned Judge Trial Referee for a hearing thereon. The court has heard all of the evidence as presented and, in the company of both counsel, viewed the property in question.
The Fifth Amendment to the Constitution of the United States and Article First, Section 11 of the Constitution of the State of Connecticut direct that the property of no person shall, be taken for a public purpose without just compensation.
Section 13a-73 (b) of the Connecticut General Statutes authorizes such a taking by the Commissioner of Transportation and directs that the owner shall be paid by the State for "all" damages.
"The single objective of an eminent domain proceeding is to insure that the property owner shall receive and that the State shall only be required to pay, the just compensation which the fundamental law promises." Thomaston v. Ives, 156 Conn. 166, 174, 229 A.2d 515 (1968);Bruno v. East Hartford, 4 Conn. App. 271, 274.
Our Supreme Court has said that "just compensation means a fair equivalent in money for the property taken as nearly as its nature will permit; Waterbury v. Platt Bros Co., 76 Con. 435, 440, 56 A. 856; NewHaven Water Co. v. Russell, supra, 368; and that fair market value is ordinarily the means of compensation, although this is not necessarily so. State v. Suffield and Thompsonville Bridge Co., 82 Conn. 460, 467,74 A. 775. . . . In United States v. Nahaut, 153 F. 52 D. 82 C.C.A., 470, . . . the court pointed out [p. 521] that the question was to be decided upon equitable principles. . . . `The paramount law intends that the owner shall put in as good condition pecuniarily by a just compensation as he would have been if the property had not been taken. . . . The question of just compensation contemplated by the constitution is more an equitable question than a strictly legal or technical one and it also said [p. 524]. The primary question, of course, is just compensation and this means full equivalent for the property taken.'" Winchester v.Cox, 129 Conn. 106, 114.
"In a condemnation case, the referee is more than a trier of fact or an arbiter of differing opinions of witnesses. "He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge, and his viewing of the premises.'" Brown v. Ives, 171 Conn. 231, 239; BirnbaumCT Page 1588v. Ives, 163 Conn. 12, 21.
"Damages recoverable for a partial taking are ordinarily measured by determining the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect value." Cappiello v.Commissioner of Transportation, 203 Conn. 675, 679; D'Addario v.Commissioner of Transportation, 180 Conn. 355, 365, 429 A.2d 890 (1980).
"The principles of Connecticut law on the assessment of damages for a partial taking reflect the judicial philosophy that just compensation requires that the condemnee shall be put in as good a position pecuniarily as he would have been had the property not been taken."Cappiello v. Commissioner of Transportation, supra, 68 (internal citations omitted).
"Where only a portion of a tract is taken for public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking." Laurel, Inc. v.Commissioner of Transportation of Conn., 180 Conn. 11, 37 (internal citations omitted); Tandet v. Urban Development Commission, 179 Conn. 293,299 (1979).
"In determining the market value of the remainder after a partial taking, we have said that "it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which would legitimately affect the price a prospective purchaser would pay for the land." Bowen v. Ives, 173 Conn. 231, 236, 368 A.2d 82 (1976).
The subject property is located on the Boston Post Road at its intersection with Lambert Road in the Town of Orange and lies within a commercial zone. The property taken borders on Lambert Road and, at the time of the court's inspection, was a. portion of Lambert Road. This portion of the defendants' property had been used for the rental of space to the telephone company to park some of its vehicles. This intersection is one of the more heavily traveled intersections along the Boston Post Road with almost immediate access to Interstate I-95, the major east-west artery in southern Connecticut.
The court finds the highest and best use of the property to be for commercial purposes. The appropriate method of determining the fair market value of the property taken is by way of the comparable sales method. CT Page 1589
Both parties have used various sales of properties which they deem to be comparable to the property taken. The court has reviewed all of the sales of properties deemed to be comparable by the parties herein. In doing so, the court notes that the comparables used by the Commissioner are of properties quite a bit larger than the subject property. In reviewing the comparable sales employed by the defendant, the court questions whether in fact some of them are open market sales.
After hearing and examining all of the evidence and after viewing the property, the court finds the impact of the taking to be greater than that claimed by the Commissioner of Transportation. The property itself is located in an area of the Boston Post Road that is among the most active commercially. Also, the Commissioner indicates that the taking is for an easement and therefore assesses value at 95%. While it is true that the taking of an easement is less than the taking of the property in fee simple, it is highly unlikely that the easement would ever be abandoned. Nevertheless, at some future time, traffic patterns and zoning uses may change, although unlikely. Taking this into consideration, the court is of the opinion that valuing the property at 98% of its true market value would be more appropriate.
The taking consists of 2896 square feet, while the total square footage of the subject property amounts to 17,750 square feet. There is an ongoing gasoline station on the property which has no impact on the property taken, so the court considers the value of the land only. The total area covered by the easement amounts to 2896 square feet.
The court values the property at $10.00 per square foot, thus, the value before the taking amounts to be $177,750.00. The property taken consists of some 2896 square feet. This being an easement, the taking consists of 98% of its value or $28,381.00. To this the court adds the value of the sign, the wiring and the landscaping of $1500.00. Therefore, the court finds the value of the property after the taking to be $147,619.00.
The deposit paid to the clerk of the court amounts to $15,500.00. Judgment may enter in the amount of $29,881.01 less the $15,500.00 paid to the clerk of the court.
The court awards an appraisal fee of $1,000.00.
The Court
By Curran, J.