[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is an appeal from the assessment incidental to a condemnation.
Because of the transposition of their respective names in the present action, the parties have erroneously designated the commission of transportation as the plaintiff and Dinu Patel et al., as the defendants. The named condemnees will be subsequently designated as "the owner," and the condemnor, the commissioner of transportation, will be subsequently designated as "the commissioner."
The premises consist as follows:
Said premises are situated in the Town of Branford, County of New Haven and State of Connecticut, on the southwesterly side of Present Leetes Island Road, containing 6,971 square feet, more or less, bounded and described as follows and shown on the map hereinafter referred to:
NORTHEASTERLY — by Present Leetes Island Road, 300 feet, more or less;
 SOUTHEASTERLY — by land now or formerly of Antoinette Ranalli et al, 11 feet, more or less;
SOUTHWESTERLY — by Owners' remaining land, a total distance of 300 feet, more of less, by a line designated "TAKING LINE", as more particularly shown on said map; CT Page 10112
NORTHWESTERLY — by Present Gould Lane, 25 feet, more or less.
Said premises are taken together with the following easement and right under, over and across portions of Owners' remaining land:
A full and perpetual easement to slope for the support of the highway within an area of 615 square feet, more or less, located between and opposite approximate Stations 25 + 20 and 26 + 00, right, BASELINE AND CENTERLINE, Present Leetes Island Road, as more particularly shown on said map.
A right of entry to grade and construct parking area, as more particularly shown on said map. Said right shall terminate automatically upon completion of said work by the State.
Said premises is more particularly delineated on a map entitled: "TOWN OF BRANFORD MAP SHOWING LAND ACQUIRED FROM DINUBHAI PATEL ET AL BY THE STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION 1-95 INTERCHANGE 56 IMPROVEMENTS AND LEETES ISLAND ROAD SCALE 1" = 40' APRIL 1997 TRANSPORTATION CHIEF ENGINEER — BUREAU OF ENGINEERING AND HIGHWAY OPERATIONS JAMES F. BYRNES, JR., P.E.". Last revised 4/3/00, Sheet 1 of 1. (14-148-13).
The above-described premises comprise portion's of the premises contained in a Warranty Deed dated May 29, 1984 in Volume 361 at Page 542 of the Branford Land Records.
Said premises are taken subject to such rights and easements as appear of record.
The court viewed the premises on November 11, 2001.
"The function of the trial court in condemnation cases is to determine as nearly as possible the fair equivalent in money for the property taken. Although the market value of the taken property is ordinarily the most appropriate measure of fair compensation, (internal quotations marks omitted) we have long held that other measure may be appropriate when the fair market value measure of damages does not fully compensation the owner. `[T]he question of what is just compensation is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good CT Page 10113 condition pecuniarily by just compensation as he would have been in had the property not been taken.' Colaluca v. Ives, supra.'"
Alemany v. Commissioner of Transportation, 215 Conn. 437, 444. "Under our law, a [judge trial] referee sitting as a court on appeals in condemnation cases more that just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes and the decision of [the Supreme Court] with the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, his general knowledge and his viewing of the premises." (Internal quotation marks omitted). Minicucci v.Commissioner of Transportation, supra, 211 Conn. 388; Birnbaum v. Ives,163 Conn. 12, 21-22, 301 A.2d 262 (1972); Feigenbaum v. Waterbury,20 Conn. App. 148, 153, 565 A.2d (1989).
 "We have consistently departed from the fair market value measure of damages in cases of partial takings. When only a portion of a party's property is taken, the landowner is entitled not only to compensation for the value of the property taken, but also to severance damages for the diminution of the value of the landowner's remaining property that the severance of a portion of the property causes. To ensure that severance damages are included in the trial court's assessment, damages should be calculated by the "before and after rule," under which "[t]he proper measure of damages is the difference between the market value of "the whole tract' as it lay before the taking and the market value of what remained of it thereafter."
Alemany v. Commissioner of Transportation, 215 Conn. 437, 447. (Internal quotation marks omitted.)
"The measure of damages is ordinarily the fair market value of the acquired land on the day of taking. Ibid. Where only a party of a tract of land is taken for the public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking. D'Addario v. Commissioner of Transportation, 172 Conn. 182, 184, 374 A.2d 163 (1976). In Lefebvre v. Cox, 129 Conn. 262, 265, 28 A.2d (1942), we stated: "The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the CT Page 10114 market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." (Emphasis added.) See Andrews v. Cox, 127 Conn. 455, 17 A.2d 507
(1941). In determining the market value of the remainder after a partial taking we have said that `it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which could legitimately affect the price a prospective purchaser would pay for the land.' Bowen v. Ives, 171 Conn. 231, 236, 363 A.2d 82 (1976).
Tander v. Urban Development Commission, 179 Conn. 293, 298-99.
 "Severance damages compensate for the diminution in the fair market value of the remainder of the property owner's land, which is both unique to that land and arises as the direct and immediate result of the taking of a portion of the lands by the condemning authority."
Tolland Enterprises v. Commissioner of Transportation, 36 Conn. App. 49,58.
 "The concept of highest and best use, chiefly employed by appraisers as a starting point in estimating the value of real estate, concerns the use that will most likely produce the highest market value, greatest financial return, or the most profit from use of that property. Robinson v. Westport, 222 Conn. 402, 405-406, 610 A.2d 611 (1992). `The questions of the highest and best use of property and of the reasonable probability of a zone change are . . . questions of fact for the trier. . . .'"
South Farms Associates, Ltd. Partnership v. Burns 35 Conn. App. 9, 16.
The condemnees filed in two special defenses:
(1) insufficient allegations of fact to severance of damages; and
(2) insufficient allegations of fact to the unity of fact. CT Page 10115
The court finds for the commissioner on both counts.
The court finds the highest and best use after the taking, and as if vacant, is a commercial or light industrial use.
On September 21, 1999, the Zoning Board of Appeals granted the condemnee a variance to allow 42,251 sq. ft. reduction (Ex. 10).
The elements of the owner's loss are listed herein below:
Value of land before $516,000
Value of land after 378,100
Taking Damages 137,900
Easement Area 615 sq. ft. 970
Contributory value sign value 4,500
Contributory value site improvements 17,121
Temporary parking 10,000
Sign 18,500
(Rounded) $189,000
The listed elements are as follows:
Value of land $18,800
 Loss of value (damages) to remaining property outside 9,000 taking area
Value of easement area -0-
Contributory value of site improvements 3,000
Contributory value of 3 sign bases and wiring -0-
Temporary damages for limited parking 2,000
Total for property taken and applicable damages $32,800
Building, structure and other improvements: N/A CT Page 10116
The value of land taken is $59,200. The value of remainder of land shown as $27,400. The condemnee combines the two figures, or $137,900. The figure for the value of land is $18,800 or $78,000. The loss due the remainder is $9,000, or $37,400.
The easement area of 615 sq. ft. is $1,300. The temporary loss is the loss in parking is $2,000. Contributory value of site improvements is $15,500.
The condemnee raised the five points as needed consideration. Those are:
a. Noise.
b. Survey Error.
c. Drainage Problem.
d. Sign Relocation.
e. Variance.
a. Noise
 "A corporation operating a street-railway system in a highway may expose itself to legal proceedings at the hands of an abutting landowner under varying conditions. It will do so, if it is operating its system in and through the highway without authority from the State. If such authority has been obtained, its system may be so constructed and operated as to impose upon the land which has been appropriated for the highway an additional servitude, within the meaning and definition of the opinions of this court."
"A user of a highway by a street railway forms no exception. Certain objectionable results are among its natural incidents. In so far as this is the case, and the consequences complained of flow naturally and normally from the conduct of the traffic under proper authority, in a reasonable manner and with due regard for the rights of others, one who conceives that he has been injured can have no redress." CT Page 10117
 "If the line is operated with reasonable care, and so as to produce only that incidental inconvenience which unavoidably follows the occupation of the street by the operation of its cars, with the noises and disturbances necessarily attending their use, no one can complain. Whatever consequent annoyances may necessarily follow from the running of the road with reasonable care is damnum absque injuria."
 Cadwell v. Connecticut Ry. and Ctg. Co., 80 Conn. 452 180 A. 285, Nichols on Eminent Domain, 4A 3 Ed. § 14 A. (03) (2).
 "Such a proceeding, says Shaw, C.J., in Parks v. Boston, 32 Mass. (15 Pick.) 198, 208, is not strictly speaking an action for damages; but rather a valuation or appraisement of an incumbrance created on the plaintiff s's estate, for the use of the public. It is the purchase of a public easement, the consideration for which is settled by such appraisement only because the parties are unable to agree upon it. The true rule would be, as in the case of other purchases, that the price is due and ought to be paid, at the moment the purchase is made, when credit is not specially agreed on. And if a pie-powder court could be called on the instant and on the spot, the true rule of justice for the public would be, to pay the compensation with one hand, whilst they applied the axe with the other. If, after the land has been taken, the city permits a portion of a building to stand beyond the street line, it is a matter of grace, and, unless its rights are lost by abandonment or otherwise, it may at any time thereafter remove or require the removal of that portion of the building without obligation to make further compensation to the owner."
Appeal of Phillips, 113 Conn. 40, 43, 44.
"Damages, sustained in a taking by eminent domain, are to be measured as of the date of the taking." `[T]he principles of Connecticut law on the assessment of damages for a partial taking reflect the judicial philosophy that just compensation requires that the condemnee shall be put in as good a condition pecuniarily as he would have been in hand the property not been taken.' The referee need not consider elements of damage that were not a `necessary, natural CT Page 10118 or proximate result of the taking. . . .'"
Cappiello v. Commissioner of Transportation, 203 Conn. 675, 681.
 "The court should consider any and all damages which will foreseeably follow from the proper construction of the project, including any damage to the remainder which is a necessary, natural and proximate result of the taking. The use to be made of the land taken is to be considered with regard to its effect on the remaining land, and the fact that injuries are caused by the construction activities of the contractor is not a bar to recovery so long as the damages foreseeably follow such construction activities and are a necessary, natural and proximate result of the taking. 4A Nichols, Eminent Domain (3d Ed.) § 14.24. Expenses required to cure injuries caused to the remaining land are not recoverable as such, but are merely `evidence of elements in the decrease in market value, of which they may be an accurate measure.' Since a condemnation proceeding is limited under § 13a-76 of the General Statutes to a reassessment of damages caused by the taking, injuries resulting from the negligence of the contractor are ordinarily not recoverable in such a proceeding. The owner is relegated to an independent proceeding. 4A Nichols, op. Cit. § 14.245[1]. See Clark v. Cox, 134 Conn. 226."
Plunske v. Worth, 171 Conn. 280, 284.
b. Survey Error
In a condemnation appeal, mapping errors must be clearly raised in the body of the condemnation appeal. Cappiello v. Commissioner ofTransportation, 203 Conn. 675, 682. They cannot be named for the first time, at trial.
The state prepared a plan for 38 parking or 1.2 spaces. Apparently, 7 and 13 are in the right-of-way. There is no error. Phillips, 40, 44.
c. Drainage Problem
The disruption of the drainage at the rear of the property was raised.
The condemnees testified that pipes were disconnected. CT Page 10119
 "A. Typically you would see it in the field, and if it were visible we could accommodate it. But at the time we had no information on subsurface drainage if it existed." Keefe, T, 20.
See Plunske v. Wood, supra p. 284.
d. Sign Relocation
The state valued 3 bases and wiring at $4,500.
No one was offered for the replacement.
Cappiello v. Commissioner of Transportation, 203 Conn. 675, 686.
e. Variance
As required by statute (§ 48-24), the state applied for and received an area variance for the condemnee. (Ex. 10).
Judgment may enter for the owner in the amount of $137,620 less the amount of $104,820, or the sum of $32,800 with interest. The appraiser's fee and court appraiser in the full amount are allowed of $6,200. Costs are allowed.
 Robert P. Burns Judge Trial Referee
CT Page 10120